UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION FILE NO. 04-278-DCR

Eastern District of Kentucky
FILED
JUN 1 8 2004
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| REONA BLEDSOE <br>     PLAINTIFF <br><br> V. <br><br> DEPUTY SHERIFF JAMES MYERS <br> and <br> DEPUTY SHERIFF RONNIE SIZEMORE, <br> and <br> DEPUTY SHERIFF CHARLES DOAN <br> and <br> THE KNOX COUNTY SHERIFF'S DEPT., <br>     SHERIFF JOHN PICKARD <br>              DEFENDANTS | **COMPLAINT** |

\*\*\* \*\*\* \*\*\*

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendment to the United States Constitution, and §10 of the Kentucky Constitution and the common law of the Commonwealth of Kentucky, against the Knox County Sheriff's Department, and against Deputy Sheriff James Myers, Deputy Sheriff Ronnie Sizemore and Deputy Sheriff Charles Doan in their individual and/or official capacities. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual deputy sheriffs Defendants Deputy Sheriff James Myers, Deputy Sheriff Ronnie Sizemore and Deputy Sheriff Charles Doan made an unreasonable seizure of the person of Plaintiff, Reona Bledsoe, violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and §10 of the Kentucky Constitution, and that these defendants assaulted and battered Reona Bledsoe. It is further alleged that these violations and torts were committed as a result of policies and/or customs of the Knox County Sheriff's Department.

## PARTIES

3. Plaintiff, Reona Bledsoe, hereinafter "Plaintiff", was at all material times a resident of the Commonwealth of Kentucky and of full age.

4. Defendants Deputy Sheriff James Myers, Deputy Sheriff Ronnie Sizemore and Deputy Sheriff Charles Doan, hereinafter "Defendant Deputy Sheriffs", were at all times relevant to this Complaint duly appointed and acting deputy sheriffs of the Knox County Sheriff's Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies and customs and usages of the Commonwealth of Kentucky and/or the Knox County Sheriff's Department.

5. Defendant, Knox County Sheriff's Department, Barbourville, Kentucky, hereinafter "Defendant Sheriff's Dept." is the public employer of said deputy sheriffs and is managed by Sheriff John Pickard, an elected official individually acting under color of law, to wit, under color of statutes, ordinances, regulations, policies and customs and usages of the Commonwealth of Kentucky..

## COUNT I

6. On or about June 21, 2003, Defendant Deputy Sheriffs entered an apartment occupied by Plaintiff within the city limits of Barbourville, Kentucky.

7. Plaintiff, who was six (6) months pregnant, had returned home and had discovered that the doors to her apartment were unlocked and that the apartment had been burglarized.

8. Plaintiff was upset and disturbed and begin talking loudly and quarreling with others in the apartment.

9. Defendant Deputy Sheriffs were four (4) doors down searching for an escapee.

10. The Plaintiff's door was opened but the screen door to her apartment was closed.

11. Although the Plaintiff told the Defendant Deputy Sheriffs not to enter the premises, they bolted through the door.

12.. The Defendant Deputy Sheriffs grabbed her arms and grabbed her around her stomach; at which time the Plaintiff informed the Defendant Deputy Sheriffs that she was six (6) months pregnant.

13. The Defendant Deputy Sheriffs slammed her face down on the love seat and then slammed her over to couch and generally proceeded to manhandle her bruising her body in several places and endangering her unborn child.

14. The Defendant Deputy Sheriffs sprayed the Plaintiff in the eyes with mace and used derogatory language in reference to the Plaintiff, a black female, and called her racist names such as "Monkey".

15. The force used against Plaintiff was unnecessary, unreasonable and excessive.

16. At no time during the events described above, was Plaintiff intoxicated, incapacitated or a threat to the safety of herself or others. She had not committed any criminal offense.

17. The Defendant Deputy Sheriffs had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff and no jurisdiction, legal cause or excuse to seize the person of the Plaintiff.

18. As a direct and proximate result of the said acts of the Defendant Deputy Sheriffs, the Plaintiff suffered the following injuries and damage:

    a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and §10 of the Kentucky Constitution to be free from unreasonable search and seizure of her person;

    b. Loss of physical liberty;

    c. Physical pain and suffering and emotional trauma and suffering, requiring medical treatment.

19. The actions of the Defendant Deputy Sheriffs violated the following clearly established and well settled federal and state constitutional rights of the Plaintiff:

a. Freedom from unreasonable seizure of person;

b. Freedom from use of excessive, unreasonable and unjustified force against her person.

## COUNT II

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth.

21. The Defendant Deputy Sheriffs assaulted and battered the Plaintiff, Reona Bledsoe.

22. As a result of this assault and battery, the Plaintiff suffered damages as aforesaid.

## COUNT III

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. Prior to June 21, 2003, Defendant Knox County Sheriff's Dept., developed and maintained policies or customs exhibiting deliberate indifference to the constitutional and civil rights of persons in Knox County, which caused the violation of the Plaintiff's rights.

25. It was the policy and/or custom of the Defendant Knox County Sheriff's Dept. to inadequately and improperly investigate citizen complaints of deputy sheriff misconduct, and acts of misconduct were instead tolerated by the Defendant Knox County Sheriff's Dept.. and its management.

25. It was the policy and/or custom of the Defendant Knox County Sheriff's Dept. to inadequately supervise and train its deputy sheriffs, including Defendant Deputy Sheriff James Myers, Defendant Deputy Sheriff Ronnie Sizemore and Defendant Deputy Sheriff Charles Doan, thereby failing to adequately discourage further constitutional and civil rights violations on the part of its deputy sheriffs. The Defendant Knox County

5

Sheriff's Dept. did not require appropriate in-service training or re-training of its deputy sheriff supervisory personnel and/or its deputy sheriffs who were known to have engaged in misconduct.

26. As a result of the above described policies and/or customs, deputy sheriffs of the Defendant Knox County Sheriff's Dept., including Defendant Deputy Sheriff James Myers, Defendant Deputy Sheriff Ronnie Sizemore and Defendant Deputy Sheriff Charles Doan, believed that their actions would not be properly monitored by supervisory personnel and that misconduct would be tolerated.

27. The above described policies and/or customs demonstrated a deliberate indifference on the part of policymakers and management of the Knox County Sheriff's Dept to the constitutional and civil rights of persons within Knox County, and were the cause of the violations of the Plaintiff's rights alleged herein.

WHEREFORE, the Plaintiff, Reona Bledsoe, requests that this Court:

1. Award compensatory damages to her against the Defendants, James Myers, Ronnie Sizemore, Charles Doan, and the Knox County Sheriff's Department, jointly and severally;

2. Award punitive damages to her against Defendants, James Myers, Ronnie Sizemore, and Charles Doan, for conduct so outrageous it shocks the very conscience of society.

4. Award costs of this action to the Plaintiff;

5. Award reasonable attorney's fees and costs to the Plaintiff on Counts I and II of the Complaint; and

6.     Award such other and further relief as this Court deems appropriate;

The Plaintiff demands a jury trial.

*/s/ L. J. West*

LINDA J. WEST PLLC
Attorney-at-Law
313 Cumberland Ave.
P.O. Box 1239
Barbourville, KY 40906
(606) 546-8894
ATTORNEY FOR PLAINTIFF